IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENYA ANDERSON,            )<br>                                           )<br>     Plaintiff,                        )<br>v.                                       )<br>                                           )<br>KC HOLDINGS, INC. d/b/a    )<br>INTEGRATED CARE MANAGEMENT, )<br>INC.,                                  )<br>                                           )<br>     Defendant.                    )<br>_____ ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kenya Anderson ("Plaintiff" or "Ms. Anderson"), and files this Complaint against Defendant Integrated Care Management, Inc. ("Defendant" or "ICM"), and shows the following:

## I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant KC Holdings, Inc. d/b/a Integrated Care Management, Inc. is a Georgia company and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From February 11, 2013 through February 24, 2014, Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

7.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically routine administrative work.

8.

Plaintiff's primary duty of routine administrative work was not directly related to the management or general business operations of Defendant or its customers; nor did Ms. Anderson's primary duty involve the exercise of discretion and independent judgment on matters of significance.

9.

Plaintiff was not customarily and regularly engaged away from her employer's place of business in the performance of her job duties at any point during her employment with Defendant, i.e. Plaintiff performed her job duties at Defendant's offices.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

From February 11, 2013 through February 24, 2014, Plaintiff regularly worked in excess of 40 hours in given workweeks and was not paid overtime wages at one and one half times her regular rate for hours worked over 40 in such weeks.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

From February 11, 2013 through February 24, 2014, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

16.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without being compensated for such hours over 40.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

23.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 30th of January, 2015.

**BARRETT & FARAHANY, LLP**

/s/ Abigail Larimer

                                  Benjamin F. Barrett
                                  Georgia Bar No. 039586
                                  Amanda A. Farahany
                                  Georgia Bar No. 646135
                                  Abigail Larimer
                                  Georgia Bar No. 999229

                                  *Attorneys for Kenya Anderson*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com